**UNITED STATES of America,**
**Appellee,**

v.

**Joel NAZARENO, Defendant–Appellant.**

**Docket No. 02–1097.**

United States Court of Appeals,
Second Circuit.

May 14, 2003.

Maranda E. Fritz, Maranda E. Fritz, P.C., New York, NY, for Appellant.

Paul Schoeman, Assistant United States Attorney (Roslynn R. Mauskoph, United States Attorney for the Eastern District of New York, Emily Berger, Assistant United States Attorney), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, JACOBS, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 14th day of May, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Joel Nazareno appeals from a January 30, 2002 judgment of the United States District Court for the Eastern District of New York (Dearie, *District Judge*), convicting him, after a jury trial, of one count of conspiring to commit mail fraud, wire fraud and securities fraud, all in violation of 18 U.S.C. § 371. Judge Dearie sentenced Nazareno to, *inter alia,* 60 months incarceration. On appeal, Nazareno argues that the district court erred by (1) admitting into evidence a stipulation regarding the guilty pleas of co-conspirators, and (2) purportedly miscalculating the relevant fraud loss and other enhancements under the United States Sentencing Guidelines. We affirm.

With respect to the admission of a stipulation regarding the guilty pleas of co-conspirators, Nazareno argues that the government failed to demonstrate that the co-conspirators were "unavailable," as that term is defined under Fed.R.Evid. 804(b)(3). Assuming that Nazareno preserved this objection—a point over which there is considerable disagreement—it is wholly without merit. A guilty plea qualifies as a statement against interest under Rule 804(b)(3), *see United States v. Williams,* 927 F.2d 95, 98 (2d Cir.1991), and is admissible if the declarant is "unavailable" to testify at trial, *see* Fed. R.Evid. 804(b)(3). A declarant is "unavailable" to testify if his attorney represents that, if haled into court, the declarant will assert his Fifth Amendment privilege against self-incrimination *See* Fed.R.Evid. 804(a)(1); *Williams,* 927 F.2d at 99. In this case, although Nazareno's counsel contends that she objected to the sufficiency of the representations made by the government concerning the witnesses' unavailability, she has failed to support this argument with evidence from the proceeding in the district court. Accordingly, Nazareno's contention that the government failed to demonstrate the unavailability of the co-conspirators for purposes of Rule 804 is without merit.

Nazareno also argues that the district court miscalculated his Offense Level under the sentencing guidelines. With one minor exception, the district court adopted the Presentence Report, which calculated Nazareno's Total Offense Level as 30. At Criminal History Category I, Nazareno's imprisonment range was 97–121 months. *See* U.S.S.G. Sentencing Table (1994).

However, because 18 U.S.C. § 371 provided for a maximum sentence of five years, Nazareno was sentenced to 60 months imprisonment. *See* 18 U.S.C. § 371 (1994).

■ On appeal, Nazareno's primary argument is that the court improperly calculated the loss attributable to the fraud scheme for which he was convicted. The Court found that Nazareno was responsible for fraud losses in excess of $10 Million which, pursuant to Section 2F1.1(b)(1) then in effect, corresponded to a 15 point offense level enhancement. *See* U.S.S.G. § 2F1.1(b)(1) (1994). Even assuming that the district court over-estimated the loss caused by the fraud scheme, which is more doubtful, the impact of any such error on his prison sentence was harmless. Under Section 2F1.1(a), the base offense level for a violation of Section 371 was six. *See* U.S.S.G. § 2F1.1(a) (1994). Combined with the other, entirely appropriate enhancements applied in this case, in order for Nazareno to qualify for the 60 month sentence he received, the district court need only have found that the fraud scheme caused losses in excess of $800,000. *See* U.S.S.G. § 2F1.1(b)(1)(L) & Sentencing Table (1994). As there was ample evidence to support such a finding, we need not consider whether the district court's estimate of the losses caused by the fraud scheme was accurate. *See United States v. Bermingham,* 855 F.2d 925, 926 (2d Cir.1988) (sentencing disputes "need not be resolved where the same sentence would have been imposed under either of the guideline ranges urged by the parties"). While the dubious calculation error Nazareno alleges could also have affected the $10 million restitution he was ordered to pay, this argument is waived. Nowhere does Nazareno argue that the restitution order was without a factual basis. If a challenge to the restitution order were properly before us, we would reject it. Nazareno has failed to show that the district court's calculation of the fraud loss attributable to Nazareno and his coconspirators was clearly erroneous. *See* U.S.S.G. § 2F1.1 commentary n. 8 (1994) (stating that "the [fraud] loss need not be determined with precision," that "[t]he court need only make a reasonable estimate of the loss, given the available information," and that the estimate of loss may be based on "general factors").

We have considered Nazareno's other arguments, and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**